IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROSSIE C. POLK #851795 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv296 |
| WARDEN JOHN MCDANIAL, et al., | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Rossie C. Polk filed this civil rights lawsuit *pro se* pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in the Hodge Unit of the Texas Department of Criminal Justice (TDCJ). The case was transferred to this Court for proper venue and referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Dkt. ##7, 8.)

**I. Alleged Facts**

Plaintiff alleges in his amended complaint that on May 27, 2021, Defendant Correctional Officer Husbrand grabbed him and forcefully threw him to the ground, causing Plaintiff's head to strike the ground, then beat Plaintiff with handcuffs until Plaintiff passed out. (Dkt. #17 at 4.) Plaintiff alleges that he sustained injuries including pain and damage to his eyes as a result of this incident. (*Id.*) By contemporaneous order, the Court is requiring service upon and a response from Husbrand on the claim against him.

In addition to Husbrand, Plaintiff sues Hodge Unit Warden John McDanial, who he asserts is liable as "head warden and head chief, decisions maker," and the unnamed "Hodge Administration Top Supervisor," who "should be held liable" for his beating for reasons Plaintiff does not explain. (*Id.* at 3.)

1

Plaintiff seeks unspecified damages for his physical and mental injuries and "justice." (*Id.* at 4.)

## II. Legal Standards and Preliminary Screening

Plaintiff is an inmate seeking relief from government officials and employees, so his complaint is subject to screening under 28 U.S.C. § 1915A(b). That statute provides for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground*

2

*Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

As mentioned above, the Court is requiring Defendant Husbrand to respond to Plaintiff's claim against him. The claims against Warden McDanial and the "Hodge Administration Top Supervisor," however, require separate consideration.

First, Plaintiff sues Warden McDanial simply because he is "head warden." (Dkt. #17 at 3.) He does not allege any personal involvement by McDanial in Husbrand's use of force. Presumably, Plaintiff believes that McDanial is liable for events in the prison simply because of his authority as Warden. But lawsuits against supervisory personnel based on their positions of

authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable only if he is personally involved in a constitutional deprivation, a causal connection exists between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987). Plaintiff does not allege facts that would satisfy this standard with regard to Warden McDanial, despite the Court's express admonition to him that his amended complaint must "specify how each defendant personally violated his constitutional rights." (Dkt. #15 at 2.)

Plaintiff's allegations against the unnamed "Hodge Administration Top Supervisor" are even more deficient than those against Warden McDanial. In fact, other than the conclusory assertion that this unidentified individual "should be held liable," the amended complaint contains no allegations against this Defendant at all. Plaintiff's pleading fails in this regard to state a claim under Rule 8 of the Federal Rules of Civil Procedure or the substantive standards explained above.

Finally, because Plaintiff seeks money damages rather than prospective injunctive relief, any claims against any Defendant in his official capacity are barred by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that state officials in their official capacities are not "persons" subject to suit under Section 1983); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (explaining that "the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity"); *cf K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013) (explaining that, under the "*Ex Parte Young* rule," the Eleventh Amendment does not bar a claim when a plaintiff "seeks prospective, injunctive relief

from a state actor, in her official capacity, based on an alleged ongoing violation of the federal constitution").

**IV. Conclusion**

For the reasons set forth above, Plaintiff's amended complaint fails to state a claim upon which relief can be granted against Defendants McDanial and "Hodge Administration Top Supervisor" or against any Defendant in his official capacity.

### RECOMMENDATION

Accordingly, the undersigned recommends that Defendants McDanial and "Hodge Administration Top Supervisor" be dismissed from this action and that all official-capacity claims against the remaining Defendant be dismissed pursuant to 28 U.S.C. § 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 19th day of November, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

5