IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROSSIE C. POLK, #1851795, § § § Plaintiff, § § v. § Case No. 6:21-cv-296-JDK-KNM § WARDEN JOHN MCDANIAL, et al., § § § Defendants. § § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rossie C. Polk, a Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit under 42 U.S.C. § 1983 jointly with a fellow inmate in another court. Plaintiff's claims were severed from the other inmate and transferred to this Court. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

The Court dismissed several defendants on January 11, 2022, leaving Carl Husband as the only remaining defendant. Docket Nos. 27, 39. On August 5, 2022, the Magistrate Judge entered a Report and Recommendation recommending that the Court grant Defendant Husband's motion for summary judgment as to exhaustion of administrative remedies and dismiss Plaintiff's claims without prejudice. Docket No. 52. No timely objections were filed.

1

Several days after the deadline for objections to the Report, Defendant Husband filed a motion for leave to file late objections, along with his proposed objections. Docket Nos. 54, 55. Specifically, Defendant would object to the Magistrate Judge's reliance on *Rosa v. Littles*, 336 F. App'x 424 (5th Cir. 2009), to reject Defendant's theory that Plaintiff was required to file a Step 2 grievance appeal to satisfy the exhaustion requirement of the Prison Litigation Reform Act (PLRA) despite obtaining all possible administrative relief in his Step 1 grievance. Docket No. 52 at 7–8; Docket No. 55 at 1, 4–7. Defendant argues that *Rosa* was implicitly overturned by *Ross v. Blake*, 578 U.S. 632, 637–38 (2016) and *Richardson v. Moore*, 772 F. App'x 208 (5th Cir. 2019) (per curiam).

The Court need not address the issue raised in Defendant's proposed objection. The Magistrate Judge recommended dismissal of Plaintiff's claims because Plaintiff filed his original complaint while his Step 1 grievance was still pending with prison authorities, thereby failing to satisfy the mandatory pre-filing exhaustion requirement of the PLRA. Docket No. 52 at 8–10. Defendant does not dispute that conclusion. Whether the favorable response to Plaintiff's Step 1 grievance would have constituted exhaustion if Plaintiff had received it before he filed suit is not material to the disposition of this case. Because Defendant's proposed objections are not relevant to the outcome of this case, there is no good cause to allow their late filing. *See S & W Enters., L.L.C. v. S. Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) (enumerating factors to consider in ruling on a motion to modify a scheduling order).

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Where there are no timely objections, as here, the Court reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds that the Magistrate Judge's recommendation is correct. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 27) as the findings of this Court as to the finding that Plaintiff failed to exhaust his administrative remedies because his Step 1 grievance was still pending at the time of filing. The Court **GRANTS** Defendant's motion for summary judgment (Docket No. 45). It is therefore **ORDERED** that all remaining claims in this case are **DISMISSED** without prejudice for failure to exhaust

administrative remedies. Further, the Court hereby **DENIES** Defendant's motion for leave to file late objections (Docket No. 54) as moot.

So **ORDERED** and **SIGNED** this **6th**  day of **September, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE